#### FOR THE

#### COUNTY OF FRANKLIN.

#### JANUARY TERM, 1845.

————

**PRESENT.**

HON. CHARLES K. WILLIAMS, CHIEF JUDGE.
HON. STEPHEN ROYCE, ⎱
HON. ISAAC F. REDFIELD, ⎰ ASSISTANT JUDGES.
HON. WILLIAM HEBARD, ⎰

————

### NATHANIEL HILL AND WIFE v. JOHN S. ROYCE.

If the husband appoint an attorney to receive the money upon his wife's *chose in action,* and the attorney actually receive the money, the wife cannot join with the husband in a suit to recover the money from the attorney, but the husband must sue alone.

ASSUMPSIT for money had and received. Plea, the general issue.

On trial, the plaintiffs gave in evidence a receipt, executed by the defendant, which recited that the defendant had received of the plaintiff Nathaniel Hill " a note held by himself and wife,"—describing it,—from which, when collected, the defendant was to deduct the amount of a debt due from the plaintiffs to him, and

Hill et ux. *v.* Royce.

concluding as follows;—" And I hereby agree to account to said Hill for the remainder of said note, when collected, after paying my debt against said Hill and his wife, as aforesaid." The plaintiffs also offered to prove, and the defendant conceded, that the note mentioned in the said receipt was the sole property of the said Hill's wife, previous to her marriage to said Hill, and that the money due upon said note had been collected and received by the defendant, and was in his hands at the time this action was commenced.

From these facts the court decided that the action should have been brought in the name of Nathaniel Hill alone, and that his wife could not join with him as plaintiff in the action. Exceptions by plaintiffs.

*H. R. & J. J. Beardsley* for plaintiffs.

1. The receipt furnishes no evidence that the husband had reduced his wife's *chose in action* to possession, so as to divest her of all interest in it, or in the money collected thereon in the hands of the defendant. The taking the receipt was not the substitution of a new security, merging the note, but was rather collateral to the note, the note still remaining the property of the husband and wife while in the hands of the defendant for security and collection.

2. The defendant was the agent of the husband and wife, and was acting in reference to their joint interest; and his receipt of the money would not divest the wife's interest, unless the husband, by some unequivocal act, had indicated that the wife's claim should cease immediately upon the payment of the money into the hands of the agent. 2 Kent 142. 9 Vt. 320. 10 Vt. 446. *Whitaker v. Whitaker*, 6 Johns. 111. The whole case, so far from showing any such intention on the part of the husband, evinces rather a design on his part to preserve his wife's interest. This is conclusively shown by the fact that he joined her with himself in this suit.

3. Under the circumstances it was optional on the part of the husband to regard the wife's *chose in action* as reduced to his possession, or not, as he chose. By preserving her interest, as was manifestly his design, he was only doing what a court of equity would direct, in cases bearing a strong analogy to this. In this view of the case the husband has a right to elect whether the action

shall be brought in his own name, or jointly with his wife; and, whatever his election may be, the defendant has no reason to complain, as he can in no way be prejudiced by the choice. 1 Ch. Pl. 17. Arch. Pl. 41–2. 2 Saund. Pl. & Ev. 69, 70, and cases there cited. *Stanwood* v. *Stanwood*, 17 Mass. 57. 16 Mass. 480. *Richardson* v. *Daggett*, 4 Vt. 336.

*A. O. Aldis* and *Smalley, Adams & Hoyt* for defendant.

1. If the husband impower another to receive the money due on a *chose in action*, which belonged to the wife before marriage, and he receive it, although it do not come to the hands of the husband, it is held to be a reducing of it to his possession. Ham. on Parties 195. Reeve's Dom. Rel. 4. 2 Kent 137. Bingh. on Cov. 209. 1 Bac. Abr. 289. *Schuyler* v. *Hoyle*, 5 Johns. Ch. R. 196. 4 Petersd. 27 & note.

2. The contract between the defendant and the husband amounted to an assignment of the debt to the defendant for a valuable consideration, and an agreement between the defendant and the husband alone, for a valuable consideration, to account to *the husband alone* for a part. In such case the husband must sue alone. 1 Ch. Pl. 32.

The opinion of the court was delivered by

REDFIELD, J. We think there was no right of action in the plaintiffs at the time the suit was brought. Whatever will destroy absolutely the wife's right of survivorship will preclude her being joined in the action to recover her *choses in action;*—as if there be a new security given to the husband alone, or any other contract made with the husband, by which the former contract is merged. It is said in the elementary books, too, that, if the husband assign the wife's *chose in action* for a valuable consideration, this will destroy her right of survivorship. 2 Kent 136.

In the case of *Schuyler* v. *Hoyle*, 5 Johns. Ch. R. 196,—which is a very well considered case, and in chancery, where the rights of the wife are viewed quite as favorably as at law,—it is said, "that, if the husband appoint an attorney to receive the wife's money, due upon her *chose*, and he receive the money," or if the husband assign

the wife's *chose* absolutely,—which has since been questioned,—or if he recover it by a suit at law in his own name,—which he could not ordinarily do, unless by consent of the debtor,—or if he release the debt, the right of survivorship in the wife is gone.

But, without going much into all these propositions, it is well settled, I think, that, if the husband appoint an attorney, who collects the money upon the wife's *chose,* her right of survivorship is gone, and she cannot join in a suit to recover the money from the attorney. The effect of the husband's assigning, or mortgaging, her *chose* is more questionable, in regard to the wife's right of survivorship before the money is actually received. But the former proposition disposes of this case. The money in the defendant's hands was the money of the husband, and he alone can sue for it. 1 Chit. Pl. 19.

